JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN STRETCH (CSBN 163973)
Chief, Criminal Division

DENISE MARIE BARTON (MABN 634052)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7359
    Facsimile: (415) 436-7234
    denise.barton@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> MELVIN PARKER, ) <br> ) <br>     Defendant. ) <br> ) | CR No. 07-668 PJH <br><br> STIPULATION AND [PROPOSED] ORDER EXCLUDING TIME |

On December 19, 2007, the parties in this case appeared before the Court and stipulated that time should be excluded from the Speedy Trial Act calculations from December 19, 2007 through January 16, 2008. The parties represented that granting the continuance was

//

//

//

//

//

necessary for effective preparation and continuity of counsel, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

SO STIPULATED:

                                 JOSEPH P. RUSSONIELLO
                                 United States Attorney

DATED: January 16, 2008                  /s/ Denise Barton
                                 DENISE MARIE BARTON
                                 Assistant United States Attorney

DATED: January 16, 2008                  /s/
                                 STEVEN G. KALAR
                                 Attorney for MELVIN PARKER

     As the Court found on December 19, 2007, and for the reasons stated above, the Court finds that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial and that time should be excluded from the Speedy Trial Act calculations from December 19, 2007 through January 16, 2008 for effective preparation and continuity of counsel. See 18 U.S.C. §3161 (h)(8)(A). The failure to grant the requested continuance would deny counsel reasonable time necessary for effective preparation and continuity of counsel, taking into account the exercise of due diligence, and would result in a miscarriage of justice. See 18 U.S.C. §3161(h)(8)(B)(iv).

SO ORDERED.

DATED: _____         _____
                                         HON. PHYLLIS J. HAMILTON
                                         United States District Court Judge