JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN STRETCH (CSBN 163973)
Chief, Criminal Division

DENISE MARIE BARTON (MABN 634052)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7359
    Facsimile: (415) 436-7234
    denise.barton@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> v. <br> MELVIN PARKER, <br>     Defendant. | CR No. 07-668 PJH <br> SENTENCING MEMO AND REQUEST FOR EVIDENTIARY HEARING <br><br> Sentencing <br> Date:    June 18, 2008 <br> Time:    1:30 pm <br> Courtroom:    17th Floor, Courtroom 3 |

    The defendant, a previously convicted sex offender who engaged in a series of purposeful actions to sexually exploit a minor for his own financial benefit, should be sentenced to the high end of the truncated Guideline range agreed to by the parties in the plea agreement, followed by a 10 year term of supervised release with all standard conditions of supervised release and certain supervised release conditions specific to this defendant, this offense, and the need for deterrence, protection of the public, and correctional treatment for the defendant.

//

//

SENTENCING MEMORANDUM AND REQUEST FOR EVIDENTIARY HEARING, 07-668 PJH    1

## OUTSTANDING OBJECTIONS AND
## CONTINGENT REQUEST FOR EVIDENTIARY HEARING

The United States maintains its objection that was originally stated in a letter to the Probation Officer on May 30, 2008.  The Presentence Report sets forth certain conditions that must be explicit condition of supervised release but failed to included all such conditions.  *See Presentence Report ("PSR"), ¶ 73*.  The Presentence Report fails to incorporate recent changes due to the passage of the Adam Walsh Act.  In addition to the explicit conditions stated by the Probation Officer, Title 18, United States Code, section 3583(d) requires "as an explicit condition of supervised release for a person required to register under the Sex Offender Registration and Notification Act, that the person comply with the requirements of that Act."  Due to the nature of his conviction, the defendant is required to register as a sex offender under the Act.  See 42 U.S.C. § 16911.  Currently, the Presentence Report incorrectly only contains a condition that the defendant register pursuant to state law.  *Amended Sentencing Recommendation of PSR, p. 4*, ¶ 5.

The United States notes the outstanding objections of the defense and denials of certain factual statements.  *See PSR ¶¶ 6, 8, 9, 10, 11, 13, 14*.  Although the United States is prepared to prove these contested facts, it does not believe that the Court needs to accept the contested facts as true to arrive at the sentence recommended by the United States - 130 months, followed by 10 years of supervised release with the noted conditions, and a $100 special assessment.  Standing alone, the uncontested actions committed by this defendant show a purposeful and protracted effort to sexually exploit a minor child, and put her at significant risk, for his own financial benefit.  However, if this Court finds that it must resolve the points disputed by the defendant to impose the highest possible sentence under the plea agreement, the United States is prepared to proceed with an evidentiary hearing at sentencing or another date if set by the Court.[1]  With

---

[1] As this court is aware, hearsay testimony is permissible at sentencing hearing. *United States v. Littlesun*, 444 F.3d 1196, 1200 (9th Cir. 2006). If necessary, the United States is prepared to present ample evidence in support of these contested facts by testimony of the case agent who spoke with the minor victim about the facts contested by the defendant.

respect to the objection concerning the prior conviction, if the defendant maintains his objection or if the Court determines that this objection must be resolves, the United States can also proceed by evidentiary hearing to prove this fact.

**OFFENSE CONDUCT**

The defendant is charged with sex trafficking of a minor in violation of Title 18, United States Code, section 1591. Over a period of weeks in the summer of 2007, the defendant, then 32 years old, began a relationship with a minor female, then age 16. He paid for her to travel from Washington state to the Northern District of California via bus on two separate occasions and made her work as a prostitute in various communities in the District, knowing that she was a minor. *Presentence Report ("PSR"), ¶¶ 7-13.* The defendant told the minor victim how to work as a prostitute, how much to charge for various sex acts, transported her to the various communities and paid for hotels for her to engage in prostitution, and collected the money she was paid for engaging in sex acts. *Id.*

**ARGUMENT**

In determining the appropriate sentence in a criminal case, the Court must begin by determining the applicable Guidelines range. The Sentencing Guidelines are "the 'starting point and the initial benchmark,'" *United States v. Kimbrough*, 128 S. Ct. 558, 574 (quoting *United States v. Gall*, 128 S. Ct. 586, 596), and are to be kept in mind throughout the process, *Gall*, 128 S.Ct. at 596-97 n. 6. Thereafter, the court must evaluate the sentence for substantive reasonableness in light of the factors set out in 18 U.S.C. § 3553(a). *United States v. Carty, 520 F.3d 984,* at *8 (9th Cir. 2008) (en banc). The overarching statutory charge for a district court is to "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. *Id.*; *see also* 18 U.S.C. § 3553(a) and *(a)(2)*. In cases that are neither complex nor unusual, "the Commission's recommendation of a sentencing range will reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Carty, 520 F.3d 984,* at 8 (internal citations and quotations omitted). A Guidelines

sentence will "usually be reasonable." *Id.* at *6.

  A. <u>Statutory Mandatory Minimum Sentence and Term of Supervised Release</u>

  A violation of Title 18, United States Code, section 1591 provides for a mandatory minimum sentence of 10 years, and a maximum of lifetime imprisonment.  18 U.S.C. § 1591; *see Plea Agreement,* ¶ *1*.  In addition, the authorized term of supervised release for this offense is a "term of years not less than 5, or life."  18 U.S.C. § 3583(k).

  B. <u>Guidelines Range</u>.

  As set forth in the Plea Agreement and the Presentence Report, the adjusted offense level is 25; the Criminal History Category is VI; and the resulting sentence range under the Sentencing Guidelines is 120-137 months.  *Plea Agreement*, ¶ 7; *PSR*, ¶¶ 19-32, 42.  Aware of the applicable guideline range, after plea negotiations, the parties agreed upon and executed a plea agreement with a sentence range of 120-130 months, a truncated range of the applicable guideline range, as an appropriate and reasonable disposition of this case. *Plea Agreement,* ¶ *8a.*

  C. <u>Consideration and Applicability of the Factors Under 18 U.S.C. § 3553(a)</u>

  A within-guideline range sentence of 130 months, followed by 10 years of supervised release with the supervised release conditions noted below, and a $100 special assessment  is "sufficient, but not greater than necessary" to effect the purposes of sentencing.  <u>See</u> 18 U.S.C. § 3553(a).  The seriousness of the defendant's conduct, his criminal history, and other factors warrant this significant sentence.  However, the United States recognizes the defendant pled early, thereby avoiding prolonged court appearances, pre-trial motions, and additional anxiety for the minor victim.  In consideration of this early plea, and other factors, the United States agreed to a truncated Guideline range and stands by its recommendation of a 130 month sentence of imprisonment for this defendant.

  *I.* *Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.*

  As set forth above, this crime involved the defendant seeking out a minor female, transporting her into the District, and thereafter teaching her to prostitute for him in several communities in the District.  The defendant's actions put the minor female at great risk for his

profit. Taken alone, the facts of this offense warrant a lengthy jail sentence and term of supervised release. However, the defendant's criminal history and prior conduct further support the recommendation of the United States and demonstrate that this defendant is not entitled to the statutory mandatory minimum sentence of 120 months. Since age 18, the defendant has consistently engaged in crime - including one sex offense involving a minor. For that offense, which was similar to the instant offense, he was sentenced to two years state custody and was on parole at the time he committed the instant offense. Notwithstanding that conviction, sentence, and parole status, he again sought out and prostituted a minor female in the instant offense.

From the Presentence Report, the United States is aware of the information concerning the defendant's personal and family background. Without any means to verify or corroborate these statements, it is difficult to ascertain how, if at all, this information should affect his sentence. The United States suggests that even if this information is all accepted as true, his history and background does not excuse his purposeful actions in prostituting the minor victim and do not entitle him to a low-end sentence.

> ii. *The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment.*

Under section 3553(a)(2)(A), the Court must also consider the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. As indicated by the fact that statute calls for a mandatory minimum sentence and the determinations made by the Sentencing Commission and incorporated in the Sentencing Guidelines, the nature of this crime warrants a high sentence to punish this defendant for what he did; to relay to him the significance of his actions; and punish him for sexually exploiting a minor female.

> iii. *The Need To Afford Adequate Deterrence to Criminal Conduct.*

Section 3553(a)(2)(B) requires this Court to take into account the need to provide adequate deterrence to criminal conduct. The defendant has already been convicted of one sexual exploitation crime involving a minor. *PSR, ¶ 38.* Notwithstanding a 2 year sentence, in the instant offense, he again committed a similar crime with another minor female. It is hoped that a

sentence of 130 months, followed by 10 years supervised release with the noted conditions, will be significant to the defendant and sufficient, but not greater than necessary, to impress upon him that continuing to engage in criminal conduct will lead to nothing but further imprisonment, with even longer sentences in the future.

    *iv.* *The Need To Protect the Public From Further Crimes of the Defendant*

Section 3553(a)(2)(B) requires this Court to consider the need to protect the public from further crimes of the defendant. For all the reasons set forth in this Memorandum, a 130 month sentence is appropriate to remove the defendant from the public and protect the public for that period of time and the recommended 10 year period of supervised release with the noted conditions is appropriate protect the public once the defendant returns to society.

    *v.* *The Need to Provide the Defendant With Needed Correctional Treatment*

In accordance with section 3553(a)(2)(D), this Court should impose a 10 year period of supervised release for this defendant to afford the defendant a lengthy period of time in which he can obtain treatment to address his commission of sex offenses against and sexual exploitation of minors. Under Title 18, United States Code, section 3583(d), this Court is empowered to order conditions of release to the extent that such conditions are reasonably related to "the nature and circumstances of the offense and the history and characteristics of the offense," "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed ... correctional treatment in the most effective manner." 18 U.S.C. § 3583(d), 3553(a)(1), 3583(a)(2)(B)-(D). The imposition of any such conditions must involve no greater deprivation of liberty than is reasonably necessary and be consistent with any pertinent policy statement issued by the United States Sentencing Commission. 18 U.S.C. § 3583(d). The conditions recommended by the United States are within the Court's power, consistent with pertinent policy statements by the Sentencing Commission, involve no greater deprivation of liberty than is reasonably necessary , and are related to the goals articulated in the section 3553(a) factors.

//

//

a. <u>Explicit Conditions of Supervised Release</u>

As noted above, the Probation Officer has set forth two conditions of supervised release that must be listed as an explicit condition of supervised release, *see PSR* ¶ 73. However, he failed to include one additional condition that also must be an explicit condition of release and instead this condition has been listed as a recommended condition of release. *Amended Sentencing Recommendation of PSR, p. 4*, ¶ 5. Upon passage of the Adam Walsh Act, title 18, United States Code, section 3583(d) requires "as an explicit condition of supervised release for a person required to register[2] under the Sex Offender Registration and Notification Act, that the person comply with the requirements of that Act." The United States respectfully requests that this condition be an explicit condition of release in accordance with the statute.

b. <u>Recommended Conditions of Supervised Release</u>

In general, the United States concurs with the additional conditions recommended by the Probation Officer, *see Amended Sentencing Recommendation of PSR, p. 4*, but suggests the following clarification on recommended conditions 4, 6, and 7.

*(I)    Sex Offender Treatment Program*

With respect to recommended condition 4, the Probation Officer recommends that the defendant participate in a mental health treatment program (including sex offender treatment), as directed by the probation officer.[3] The instant crime is a sex crime involving a minor. The defendant has a prior conviction and arrest for a similar sex crimes against a minor. The

---

[2] Due to the nature of his conviction, the defendant is required to register as a sex offender under the Act. <u>See</u> 42 U.S.C. § 16911.

[3] The treatment condition recommended by Probation states:

> The defendant shall participate in a mental health treatment program (including sex offender treatment), as directed by the probation officer. The defendant is to pay part or all cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of mental health counseling. The actual co-payment schedule shall be determined by the probation officer.

*Amended Sentencing Recommendation of PSR, p. 4, ¶ 4.*

SENTENCING MEMORANDUM AND REQUEST FOR EVIDENTIARY HEARING, 07-668 PJH                7

condition suggested by the Probation Officer does not fully account for the nature of the defendant's crime, the need to protect the public from future, additional crimes of this nature by the defendant, and the need to provide the defendant with effective correctional treatment. *See* 18 U.S.C. § 3553(a). In light of his history and the instant offense, the defendant needs, and should be required to participate in a sex offender treatment program, not a general mental health program. Further, the Sentencing Guidelines recommend that for sex offenses, " a condition requiring the defendant to participate in a program approved by the United States Probation Office for the treatment and monitoring of sex offenses." U.S.S.G. § 5D1.3. The United States suggests the following condition

> The defendant shall participate in a psychological or psychiatric counseling program and/or a sex offender treatment program, which may include inpatient treatment, as approved and directed by the probation officer. The defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment, evaluations and psychological testing, such as polygraph, and Abel testing. The defendant is to pay part or all cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments shall never exceed the total cost of mental health counseling. The actual co-payment schedule shall be determined by the probation officer.

This same condition has recently been upheld by the Ninth Circuit as reasonably related" to the goals of supervised release for a defendant convicted of transportation of child pornography. *United States v. Stoterau*, 524 F.3d 988, 1003-05 (9th Cir. 2008) Certainly, the same if not a greater need for treatment would apply in this circumstance.

//
//
//
//
//
//
//
//

          (ii)    *Search Condition*

Although the Probation Officer has recommended a search condition in condition 6,[4] the United States suggests that the first two sentences of the condition recommended by the Probation Officer is not sufficient. The United States suggests that this case is one in which this Court should order, as contemplated in Title 18, United States Code, section 3583(d), an explicit condition of supervised release that the defendant shall

> submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

18 U.S.C. § 3583(d). Title 18, United States Code, section 3583(d) provides that [t]he court may order [this search condition], as an explicit condition of supervised release for a person who is a felon and required to register under the Sex Offender Registration and Notification Act." Prior to this offense, the defendant was a convicted felon who was required to register under the Sex Offender and Notification Act. See 42 U.S.C. § 16911. His conviction on the instant offense will have the same impact. Further, this type of condition is also recommended by the Sentencing Guidelines. " U.S.S.G. § 5D1.3. Further, the condition recommended by the United States explicitly permits searches of the communication mechanisms that the defendant has previously used to communicate with his victims. Notwithstanding this request for

---

[4] The search condition recommended by Probation states:

> The defendant shall submit his person, residence, office, vehicle, or any property under his control to a search. Such search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

*Amended Sentencing Recommendation of PSR, p. 4, ¶ 6.*

SENTENCING MEMORANDUM AND REQUEST FOR EVIDENTIARY HEARING, 07-668 PJH    9

clarification of the search conditions, the United States concurs with the last sentence of the search condition recommended by the Probation Officer that any search condition imposed as a condition of supervised release contain the following sentence which was recommended by Probation.

> Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

(iii)   *No Contact With Minors Condition*

Similarly, in condition 7, the Probation Officer recommends that the defendant "shall not have any contact with a minor under the age of 18, unless such contact is authorized by the probation officer."  The United States suggests that this condition should be more explicit to fully advise the defendant that he is not permitted to have any contact, either direct or indirect, with minors, by any means, and should avoid circumstances that would place him in contact with minors.  The United States suggests the following condition:

> The defendant shall have no direct contact with a person under the age of 18 and no indirect contact with a person under the age of 18 through another person or through a device (including a telephone, computer, radio, or other means) except (1) in the presence of the parent or legal guardian of said minor; and (b) on the condition that the defendant notify said parent or legal guardian of his conviction in the instant offense.  The defendant shall also reasonably avoid and remove himself from situations in which he will have any other form of contact with a minor and shall not be in any area in which persons under the age of 18 are likely to congregate, such as school grounds, child care centers, or playgrounds.

A similar condition was recently upheld by the Ninth Circuit on the grounds that it promoted the defendant's rehabilitation, would deter him from committing future crimes, and protected the public.  *United States v. Stoterau*, 524 F.3d 988, 1008 (9th Cir. 2008)(defendant was convicted of transportation of child pornography).  In the instant offense and in the 2002 conviction for Abducting a Minor for Prostitution / Contributing to the Delinquency of a Minor, the defendant made contact with his victims through computer and telephone.  *see PSR* ¶ 9, 38.  Accordingly, this defendant's access to children must be restricted and permitted only under very limited circumstances.

//

      D.    <u>Restitution for the Victim</u>

The Probation Officer correctly notes that there are no demands for restitution. PSR, ¶ 82. Although a restitution figure has not yet been determined and a request has not yet been made, pursuant to Title 18, United States Code, section 3663A, if a request is made and proven, the Court shall order restitution to the victim of the instant offense. The Plea Agreement also contemplates payment of restitution. Under Title 18, United States Code, section 3664(d)(5), the victim still has a right to seek restitution even after sentencing.

> If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order.

18 U.S.C. § 3664(d)(5). The United States has made inquiries of the victim and will advise the Court, the Probation Officer, and the defendant upon learning what, if any, amount of restitution is sought. To the extent that a restitution figure is not ascertained by sentencing, the United States suggests that the Court set a control date of Friday, August 15, 2008 - 58 days from the date of sentencing (60 days would fall on a weekend) - for the victim to submit a request for restitution, as is contemplated by Title 18, United States Code, section 3664(d)(1). Thereafter, if the defendant contests the requested restitution, the parties will have 30 days to set a date for a hearing before this Court.

**CONCLUSION**

For these reasons and those to be addressed at the sentencing hearing, the United submits that a 130 months, followed by 10 years of supervised release with the noted conditions, and a $100 special assessment is "sufficient, but not greater than necessary" to effect the purposes of sentencing. See 18 U.S.C. § 3553(a).

DATED: June 11, 2008                    Respectfully submitted,

                                        JOSEPH P. RUSSONIELLO
                                        United States Attorney

                                        _____/s/_____
                                        DENISE MARIE BARTON
                                        Assistant United States Attorney